UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
RAFAEL OSWALDO QUINTANILLA
HERNANDEZ,

                Petitioner,

        - against-

MARKWAYNE MULLIN, *et al.*,

                Respondents.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-3340 (OEM)

ORELIA E. MERCHANT, United States District Judge:

On June 3, 2026, Rafael Oswaldo Quintanilla Hernandez ("Petitioner") filed a petition for a writ of habeas corpus against Markwayne Mullin, in his official capacity as Secretary for the Department of Homeland Security; Todd M. Lyons, in his official capacity as Acting Director of United States Immigration and Customs Enforcement ("ICE"); William Joyce, in his official capacity as the Deputy Director of the New York Field Office of ICE; Todd Blanche, in his official capacity as the Acting Attorney General of the United States; and Raul Maldonado, Jr., in his official capacity as Warden of the Metropolitan Detention Center (collectively, "Respondents"). *See generally* Petition for Writ of Habeas Corpus, Dkt. 1 ("Petition" or "Pet."). Petitioner challenges the lawfulness of his ongoing detention by ICE under the Fourth Amendment of the U.S. Constitution ("Fourth Amendment"), the Administrative Procedure Act ("APA"), the administrative law doctrine established in *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), and the Fifth Amendment of the U.S. Constitution ("Fifth Amendment"). *Id.* ¶¶ 34-60. Petitioner seeks his immediate release, and in the alternative, an individualized custody determination before a neutral decision maker. *Id.* at 15-16.

For the following reasons, the Petition is denied.

**BACKGROUND**

Petitioner is a native and citizen of El Salvador. *Id.* ¶ 1. He first entered the United States on May 19, 2015, by unlawfully crossing the southern border into Texas. *See* Declaration of Jason Masica ¶ 3, Dkt. 8-1 ("Masica Decl."). He was encountered by U.S. Border Patrol following his entry and was subsequently ordered removed via an expedited order of removal. *Id.* ¶ 4; *see id.*, Exhibit B, Dkt. 8-3 ("Notice and Order of Expedited Removal"). Petitioner was also federally prosecuted for illegal entry under 8 U.S.C. ¶ 1325(a)(1) and sentenced to six days' imprisonment. Masica Decl. ¶ 5. On June 22, 2015, Petitioner was removed to El Salvador. *Id.* ¶ 8.

Petitioner reentered the United States at an unknown location some time in 2017. Pet. ¶ 1; Letter from Respondents to the Court (June 9, 2026) at 1, Dkt. 8 ("Return"). On May 4, 2026, the Nassau County Police Department ("NCPD") arrested Petitioner and charged him with multiple traffic violations, obstruction of governmental administration, and resisting arrest. Masica Decl.¶ 9. That same day. NCPD notified ICE of Petitioner's arrest and detention. *Id.*¶ 10. After an ICE records check confirmed that Petitioner was a national of El Salvador who was previously removed, ICE prepared a Form I-205, Warrant of Removal/Deportation, "charging Petitioner as removable under INA § 241(a)(5), 8 U.S.C. § 1231(a)(5), based on reinstatement of Petitioner's 2015 removal order." *Id.*, *see id.*, Exhibit G, Dkt. 8-8 ("Form I-205"). ICE arrested Petitioner at the NCPD 7th Precinct on May 5, 2026. *Id.* ¶ 11.

Following his arrest on May 5, 2026, ICE transported Petitioner to its Central Islip Hold Room for further processing. *Id.* ¶ 11. There, ICE "confirmed that Petitioner was neither an asylee nor a refugee, and that he was not a lawful permanent resident nor had he applied for lawful permanent residence." *Id.* ¶ 12. ICE also obtained a copy of Petitioner's May 2015 Notice and Order of Expedited Removal and provided Petitioner with a Form I-871, Notice of Intent/Decision

to Reinstate Prior Order, "which set forth that Petitioner [had] been identified as an alien ordered removed on May 24, 2015 and had illegally reentered the United States on an unknown date and was subject to removal under the reinstatement of the prior 2015 removal order." *Id.*; *see id.*, Exhibit I, Dkt. 8-10 ("Form I-871"). ICE also completed a Form I-294, Warning to Alien Ordered Removed or Deported, which set forth that

> in accordance with provisions of INA § 212(a)(9), 8 U.S.C. § 1182(a)(9), Petitioner was prohibited from entering, attempting to enter, or being in the United States for a period of 20 years from the date of his departure from the United States because, after having been previously removed from the United States, he was found to have unlawfully reentered the United States and that the 2015 removal order was reinstated under INA § 241(a)(5), 8 U.S.C. § 1231(a)(5).

Masica Decl. ¶ 12; *see id.*, Exhibit J, Dkt. 8-11 ("Form I-294").

On May 8, 2026, Petitioner was transferred to MDC Brooklyn, where he remains detained. Masica Decl. ¶ 13. ICE asserts that this Court's Order prohibiting ICE from removing Petitioner, *see* Order to Show Cause, dated June 4, 2026, Dkt. 4, is "presently the sole impediment" to Petitioner's removal, as "Petitioner was initially scheduled to be transferred to a staging center in preparation for removal; however, this itinerary was cancelled pending the resolution of these habeas proceedings," Masica Decl. ¶ 14.

## DISCUSSION

Respondents contend that this Court lacks jurisdiction over the Petition because it is, "in substance, a challenge to Petitioner's reinstated final order of removal, and is therefore barred because Congress has enacted jurisdiction-stripping statutes that preclude the district courts from hearing a challenge to the validity of a final order of removal." Return at 3. Petitioner does not address the jurisdictional issue in his Petition. *See generally* Pet.

As amended by the REAL ID Act of 2005, 8 U.S.C. § 1252 ("Section 1252") strips federal district courts of jurisdiction over habeas corpus petitions that challenge final orders of removal.

*De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 615-16 (2d Cir. 2007).  Section 1252(a)(5) provides that

> [n]otwithstanding any other provision of the law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition for review filed with the appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.

8. U.S.C. § 1252(a)(5).  Thus, Section 1252(a)(5) gives the courts of appeals exclusive jurisdiction over review of final orders of removal.  *Ruiz-Martinez v. Mukasey,* 516 F.3d 102, 105 (2d Cir. 2008).  As a corollary to Section 1252(a)(5), Section 1252(b)(9) provides that

> [j]udicial review of all questions of law and fact . . . arising from any action taken under this subchapter shall be available only in judicial review of a final order under this section.  Except as otherwise provided in this section, no court shall have jurisdiction under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 and 1651 of such title, or by any other provision of the law (statutory or nonstatutory), to review such order or question of law or fact.

8 U.S.C. § 1252(b)(9).

The plain language of Section 1252 precludes district courts from exercising jurisdiction over direct challenges to removal orders.  *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011).  The Second Circuit has interpreted the statute even more expansively, holding that "section 1252(a)(5)'s jurisdictional bar applies equally to preclude such an indirect challenge."  *Id*. at 55.  Whether a district court has jurisdiction over an action brought against immigration authorities "will turn on the substance of the relief that a plaintiff is seeking."  *Id*. at 56; *see also Asylum Seeker Advocacy Project v. Barr*, 409 F. Supp. 3d 221, 224 (S.D.N.Y. 2019) ("'[T]aken together, § 1252(a)(5) and § 1252(b)(9) mean that *any* issue – whether legal or factual – arising from *any* removal-related activity can be reviewed only through' a petition for review filed with an appropriate court of appeals." (quoting *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016))).

Consistent with *Delgado*, district courts in this Circuit have held that they lack jurisdiction to grant habeas petitions that indirectly challenge final orders of removal. *See e.g., Morales Jimenez v. Shanahan*, 26-cv-1501 (BMC), 2026 WL 1309291, at *2-3 (E.D.N.Y. May 12, 2026) (denying a habeas petitioner's request for release and alternative request for a bond hearing due to the jurisdictional bar created by the petitioner's reinstated removal order); *Villatoro v. Shanahan*, 26-CV-1210 (AMD), 2026 WL 948297, at *3 (E.D.N.Y. Apr. 7, 2026) ("Releasing the petitioner from mandatory detention would frustrate the government's ability to enforce the removal order; accordingly, the petitioner is making an indirect challenge to the removal order."); *Sauceda Henriquez v. Noem*, 25-cv-7023-LDH, 2026 WL 111665, at *4 (E.D.N.Y. Jan. 15, 2026) (denying a habeas petitioner's request for release, and noting that "a challenge to a petitioner's detention, following an order of removal, constitutes such an indirect challenge to an order of removal" that is precluded by Section 1252(a)(5) and Section 1252(b)(9)); *Lin v. Borgen*, 25-CV-5618 (MMG), 2025 WL 2158874, at *4 (S.D.N.Y. July 30, 2025) ("Petitioner's request to release him from his current detention and stay his removal is, in sum and substance, a challenge to his final order of removal. . . . This Court cannot entertain the Petition under the plain language of § 1252.").

Here, as an initial matter, an expedited removal order like the one issued as to Petitioner in May 2015 is "final" and subject to the jurisdictional bar of Section 1252. *See Riley v. Bondi*, 606 U.S. 259, 267 (2025) ("[I]n streamlined removal proceedings . . . the order becomes final immediately upon issuance."); *see also id.* at 290 (Sotomayor, J., partially dissenting) (describing the order at issue as an expedited removal order). Further, the order reinstating Petitioner's prior order of removal is "final" for jurisdictional purposes. *See Delgado*, 643 F.3d at 54-55 (treating the plaintiff-appellant's reinstated expedited removal order as a "final order" for purposes of Section 1252).

Turning to the substance of the relief Petitioner is seeking, *Delgado*, 643 F.3d at 56, Petitioner seeks immediate release, and in the alternative, a custody determination before a neutral decision maker, Pet. at 15-16.  In seeking this relief, Petitioner is indirectly challenging his removal order and therefore triggers the Section 1252 jurisdictional bar.  *See Morales Jimenez*, 2026 WL 1309291, at *3; *Sauceda Henriquez*, 2026 WL 111665, at *4; *Lin*, 2025 WL 2158874, at *4. Requiring immediate release or a custody determination here would especially "frustrate the government's ability to enforce the removal order," *Villatoro*, 2026 WL 948297, at *3, as these proceedings are "presently the sole impediment" to Petitioner's removal, Masica Decl. ¶ 14.  Any relief Petitioner seeks in relation to the removal order is within the jurisdiction of the court of appeals and not this Court.  *See* 8 U.S.C. § 1252(a)(5).

## CONCLUSION

For the foregoing reasons, the Petition is denied for lack of jurisdiction.  The Clerk of Court is directed to enter judgment in accordance with this Memorandum and Order and close this case.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

June 11, 2026
Brooklyn, New York